UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                        Plaintiff

v.                                                        Criminal Action No. 3:17-cr-00087-RGJ

JEFFREY CAMPBELL, ET AL.                                                     Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

The United States brings this action against Defendants Jeffrey Campbell, Mark Dyer, Dawn Antle, Jacqueline Davis, and Physicians Primary Care, PLLC ("PPC") alleging twenty-four counts related to a conspiracy to distribute, and the actual distribution of, controlled substances. [DE 1; DE 55; DE 66]. Davis now moves to sever the charges against her and for a separate trial on those charges. [DE 81]. Briefing is complete, and the motion is ripe. [*See* DE 82; DE 83]. For the reasons below, the Court **DENIES** Davis's motion.

**BACKGROUND**

Count 1 of the Second Superseding Indictment charges Campbell, Dyer, Antle, and PPC with conspiracy to distribute controlled substances from January 1, 2009 to December 1, 2016. [DE 66 at 194–95]. Counts 2–5 charge Campbell and Dyer with substantive distribution counts in 2014, which, in part, furthered the Count 1 conspiracy. [*Id.* at 195]. Counts 6–7 charge Campbell and Dyer with an overdose death related to the distribution of controlled substances in Count 1. [*Id.* at 196]. Counts 8–9 charge Dyer with unlawful distribution of hydrocodone in 2014, which, in part, furthered the Count 1 conspiracy. [*Id.* at 197].

Count 10 charges Campbell, Dyer, Antle, Davis, and PPC with conspiracy to commit health care fraud during the same period as Count 1. [*Id.* at 197–98]. Counts 11–21 charge Campbell

1

with substantive health care fraud related to fraudulent coding. [*Id.* at 198–99]. Count 22 charges Campbell, Dyer, and Antle with substantive health care fraud related to fraudulent billing for physical therapy. [*Id.* at 199–200]. Counts 11–22, in part, furthered the conspiracy charged in Count 10. Count 23 charges Campbell and PPC with substantive health care fraud for falsely billing genetic lab testing at PPC from August 2013 to June 2014. [*Id.* at 200].

Finally, Count 24 charges Campbell, Dyer, and Davis with a money laundering conspiracy in which Campbell and PPC allegedly "established a bonus program to promote the billing of medical procedures and tests that were medically unnecessary for the purpose of bolstering revenues in the form of increased reimbursements received from private insurance, Medicare, and Medicaid." [*Id.* at 201]. Campbell allegedly paid the bonuses "based on a point value system that directly corresponded to the number of patients treated and medical procedures and tests ordered and billed, including those that were medically unnecessary. The bonus payments were made from funds derived from . . . [the] conspiracy to commit health care fraud." [*Id.*].

The United States thus alleges that Davis participated in two conspiracies—conspiracy to commit health care fraud (Count 10) and conspiracy to commit money laundering (Count 24). Davis moves to sever the charges against her and for a separate trial under Federal Rule of Criminal Procedure 14. [DE 81]. The United States filed a timely response [DE 82], and Davis filed a timely reply [DE 83].

## DISCUSSION

Federal Rules of Criminal Procedure 8 and 14 govern the joinder and severance of defendants in an indictment, respectively. Rule 8 provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants

2

may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). Rule 14 provides that if the proper joinder of defendants under Rule 8 "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *see also United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007).

Davis does not argue that joinder was improper under Rule 8(b). Rather, she argues only that she would be prejudiced by being tried with the other Defendants. [DE 83 at 330 n.1]. "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). But it is "well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 534).

A defendant is prejudiced "if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). Thus, "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citation and internal quotation marks omitted). But "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). The defendant

3

bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005) (citing *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), *vacated on other grounds by* 543 U.S. 1182 (2005)).

Davis seeks to show prejudice by asserting that because "[m]uch of the case involves the illegal distribution of methadone, oxycodone, and hydrocodone, leading to patient injury and death" and "[j]urors surely are aware of the nation's and Commonwealth's widely-publicized opioid crisis, and of physicians' complicity in its scope . . . [a]ny evidence of Davis'[s] association with this drug ring *on unrelated events* will color the jury's perception of what Davis did, and will keep them from fairly assessing the evidence against Davis." [DE 81 at 315–16].

Although Davis is an unindicted co-conspirator on the underlying substantive crimes, the conspiracy charges do not pertain to "unrelated events." Count 10 charges all Defendants, including Davis, with conspiracy to commit health care fraud by "falsely and fraudulently bill[ing] various health care benefit programs by coding physical therapy, counseling, and exercise (Med Fit Program) services using evaluation and management codes in order to obtain a higher rate of reimbursement and billed for medically unnecessary tests, such as nerve conduction studies, MRIs, CT Scans, X-rays, Urinary Drug Screens (UDSs), and ANSAR tests." [DE 66 at 197–98]. The substantive health care fraud charged in Counts 11–22—for fraudulent coding and billing—furthered the Count 10 conspiracy, which covers the same period as Count 1's charge of conspiracy to distribute controlled substances. [DE 82 at 320]. Similarly, the bonus payments described in Count 24 were allegedly paid from funds obtained as part of the conspiracy to commit health care fraud in Count 1 and the related fraudulent coding and billing Counts. The conspiracies charged in Counts 10 and 24 are thus directly related to the substantive Counts and are part of the overall alleged scheme to distribute controlled substances, commit fraud, and launder that fraud's

4

proceeds. *See United States v. Cotton*, No. 3:15-CR-00058-TBR, 2016 WL 6662715, at *3 (W.D. Ky. Nov. 10, 2016) (citing *United States v. Chapple*, No. 09-20224, 2010 WL 940016, at *1 (E.D. Mich. Mar. 12, 2010) ("If severance was not warranted in *Chapple*, where the defendant allegedly participated in only one conspiracy, it is difficult to see how severance is necessary here, where [the defendant] allegedly participated in both [interrelated conspiracies].").

Even so, Davis has not shown that prejudice is likely. "[T]he jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982) (citations omitted). Davis's concerns about the jury's inability to "compartmentalize the evidence that applies to Davis" because of the opioid crisis are purely speculative. [DE 81 at 315]. Mere speculation of prejudice is insufficient to sever defendants or claims. *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002); *United States v. Scivola*, 766 F.2d 37, 42 (1st Cir. 1985); *see also Hutchison v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002); *United States v. Vance*, No. 3:16-CR-00070-JHM, 2017 WL 2720317, at *2 (W.D. Ky. June 22, 2017). Further, even if there were a risk of prejudice, Davis fails to show that a limiting instruction would not cure that risk. *See United States v. Kennedy*, 743 F. App'x 649, 655 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1278 (2019) (an instruction that "[i]t is your duty to *separately* consider the evidence that relates to each charge, and to return a separate verdict for each one" was sufficient to prevent prejudice); *Ross*, 703 F.3d at 884 (quoting *Zafiro*, 506 U.S. at 534). Given the significant overlap of facts associated with the charged offenses and the Court's ability to provide a limiting instruction, Davis's concerns about prejudice do not justify severance.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that Davis's Motion and Memorandum to Sever Defendant Davis [DE 81] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 4, 2019

Cc: Counsel of record