**FILED**

JAMES J. VILT JR,
CLERK

June 9, 2021

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                              Defendants
PHYSICIANS PRIMARY CARE, PLLC

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

## TABLE OF CONTENTS

**INTRODUCTION** ......................................................................................... 4

**JURORS' DUTIES** ...................................................................................... 5

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT** ........................................................................................................ 6

**EVIDENCE DEFINED** .............................................................................. 7

**CONSIDERATION OF EVIDENCE** ......................................................... 8

**DIRECT AND CIRCUMSTANTIAL EVIDENCE** ................................... 9

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE** ........ 10

**SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE** ................. 11

**CHARACTER AND REPUTATION OF DEFENDANT** ............................... 12

**CREDIBILITY OF WITNESSES** ................................................................ 13

**OPINION TESTIMONY** ............................................................................. 15

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS** ................... 16

**TESTIMONY OF AN ACCOMPLICE** ....................................................... 17

**TESTIMONY OF A WITNESS UNDER PROFFER AGREEMENT** ............ 18

**NUMBER OF WITNESSES** ........................................................................ 19

**INFERRING REQUIRED MENTAL STATE** ............................................. 20

**DELIBERATE IGNORANCE** ..................................................................... 21

**ENTITY RESPONSIBILITY—ENTITY DEFENDANT—AGENCY** ........... 22

**LAWYERS' OBJECTIONS** ......................................................................... 24

**DEFINITION OF CRIMES** ........................................................................ 25

**ON OR ABOUT** .......................................................................................... 26

**SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH** 27

**THE SAME CRIMES** ................................................................................. 27

**CAUTION - MEDICARE CIVIL RULES AND REGULATIONS** ................. 28

**STANDARD OF CARE** .............................................................................. 29

**Count 1: Conspiracy to Unlawfully Distribute and Dispense Controlled Substances** .. 30

**Counts 2-5: Unlawful Distribution and Dispensing of Controlled Substances** ............. 34

**Count 6: Conspiracy to Unlawfully Distribute and Dispense** .......................... 36

**a Controlled Substance Resulting in Death** ................................................................ 36

**Count 7: Unlawful Distribution of a Controlled Substance Resulting in Death** ............ 40

**Counts 8 and 9: Unlawful Distribution of a Controlled Substance** ................................ 42

**Definitions for Counts 1-9—Unlawful Distribution of a Controlled Substance** ........... 44

**Aiding and Abetting—Unlawful Distribution of Controlled Substances** ...................... 46

**Count 10: Conspiracy to Commit Health Care Fraud** ................................................... 47

**Counts 11-19: Health Care Fraud** ................................................................................. 50

**Count 22:  Health Care Fraud** ...................................................................................... 51

**Count 23:  Health Care Fraud** ...................................................................................... 52

**Definitions for Counts 10-19, 22, and 23—Health Care Fraud** ..................................... 53

**Good Faith Defense—Health Care Fraud** ..................................................................... 55

**Aiding and Abetting—Health Care Fraud** .................................................................... 56

**Count 24:  Conspiracy to Commit Money Laundering** ................................................. 57

**Elements of Money Laundering** .................................................................................... 60

**DELIBERATIONS AND VERDICT** .............................................................................. 62

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE** ........................... 63

**COMMUNICATIONS** ..................................................................................................... 63

**UNANIMOUS VERDICT** ............................................................................................... 64

**DUTY TO DELIBERATE** ............................................................................................... 65

**PUNISHMENT** ................................................................................................................ 66

**VERDICT FORM** ............................................................................................................ 67

**COURT HAS NO OPINION** ........................................................................................... 68

**SAMPLE VERDICT FORMS** ......................................................................................... 69

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.  Then I will explain some rules you must use in evaluating testimony and evidence. And last, I will explain the rules you must follow during your deliberations in the jury room, and the possible verdicts you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, each defendant has pled not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

6

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use summaries, charts, and other similar material which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

## SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE

(1) During the trial you have also seen or heard summary evidence in the form of a chart or similar material.   This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

## CHARACTER AND REPUTATION OF DEFENDANT

You have heard testimony about Jeffrey Campbell's and Mark Dyer's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

## CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 (2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.

(F) Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(G) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(H) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**OPINION TESTIMONY**

(1) You have heard testimony from Dr. William Craig Denham, Jason Smith, James Waddick, Dr. John Hunsaker III, Mike Ward, Dr. Scott Denton, Dr. Timothy King, Sean Weiss, Dr. Martin Pietruzka, Dr. James Murphy, and Dr. Robert Bulger.  Each of these witnesses testified about his opinion.

(2) You do not have to accept the opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how  much weight it deserves.

15

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

(1) You have heard the testimony of Jason Smith and Dr. John Hunsaker III, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept their opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

16

## TESTIMONY OF AN ACCOMPLICE

You have heard the testimony of Dawn Antle.  You have heard that she was involved in the same crime that the defendants are charged with committing. You have also heard that the government has promised her that it would consider seeking a reduced sentence, which the Court may or may not grant, in exchange for her cooperation.

It is permissible for the government to make such a promise.  But you should consider Dawn Antle's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by the government's promise.

Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

The fact that Dawn Antle has pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

**TESTIMONY OF A WITNESS UNDER PROFFER AGREEMENT**

You have heard the testimony of Dr. Troy Masden, Dr. Kenneth Allen, Dr. John Baird, and Lola King.  You've heard that the government promised them that, in exchange for providing statements to the government about this case, their statements would not be used against them if the government later chose to prosecute them.

It is permissible for the government to make such a promise.  But you should consider their testimony with more caution than the testimony of other witnesses.  Consider whether their testimony may have been influenced by the government's promise.

Do not convict the defendants based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

## NUMBER OF WITNESSES

(1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INFERRING REQUIRED MENTAL STATE

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

## DELIBERATE IGNORANCE

(1) Next, I want to explain something about proving a defendant's knowledge regarding Counts 1 through 9, which allege that the defendants illegally dispensed or distributed controlled substances outside the course of professional practice and not for a legitimate medical purpose.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious.  If you are convinced that the defendant deliberately ignored a high probability that the controlled substances were being dispensed or distributed outside the course of professional practice and not for a legitimate medical purpose, or that patients were diverting these controlled substances for illegal purposes, then you may find that he knew this was the case.

(3) But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that this was the case, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.  This, of course, is all for you to decide.

**ENTITY RESPONSIBILITY—ENTITY DEFENDANT—AGENCY**

Physicians Primary Care is a corporation.  A corporation may be found guilty of an offense.  A corporation acts only through its agents and employees, that is, people authorized or employed to act for the corporation.

The indictment charges Physicians Primary Care with Count 1 (Conspiracy—Unlawful Distribution and Dispensing of Controlled Substances), Count 10 (Conspiracy—Health Care Fraud), and Count 23 (Health Care Fraud—Proove Biosciences).  In order for you to find Physicians Primary Care guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the offense charged was committed by an agent or employee of Physicians Primary Care; and

Second, in committing the offense, the agents or employees intended, at least in part, to benefit Physicians Primary Care; and

Third, the agents or employees acted within their authority.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

An act is within the authority of an agent or employee if it concerns a matter that Physicians Primary Care generally entrusted to that agent or employee. Physicians Primary Care need not have actually authorized or directed the particular act.

22

If an agent or employee was acting within his authority, then Physicians Primary Care is not relieved of its responsibility just because the act was illegal, or was contrary to Physicians Primary Care instructions, or was against Physicians Primary Care's general policies. However, you may consider the fact that Physicians Primary Care had policies and instructions and how carefully it tried to enforce them when you determine whether Physicians Primary Care's agents or employees were acting with the intent to benefit Physicians Primary Care or were acting within their authority.

## LAWYERS' OBJECTIONS

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INTRODUCTION

## DEFINITION OF CRIMES

Next, I will explain the elements of the crimes that each defendant is accused of committing.

But before I do that, I want to emphasize that each defendant is only on trial for the crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

## ON OR ABOUT

(1) Next, I want to say a word about the dates mentioned in the counts.

(2) The counts mention certain date ranges "on or about" which the charged crimes occurred.  The government does not have to prove the crime happened on that exact date.  But the government must prove the crime happened reasonably close to that date.

### SEPARATE CONSIDERATION—MULTIPLE DEFENDANTS CHARGED WITH THE SAME CRIMES

(1) The defendants have all been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(2) Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## CAUTION - MEDICARE CIVIL RULES AND REGULATIONS

(1) During this trial, you have heard testimony regarding health care rules and regulations as well as regarding ethical standards and standards of care for providing services.  I caution you that a violation of civil statutes, rules, regulations, ethical standards, or standards of care is not a crime. This is not a civil case.  The defendant is not on trial for civil violations.  Even if you find that the claims to a health care benefit program were not allowed under the applicable statute, rules, and regulations, a defendant cannot be convicted of a crime simply for violating civil statutes, rules, regulations, ethical standards, and standards of care applicable to the defendant's conduct.

(2) However, evidence related to the nature of and possible violation of a health care benefit program's rules and regulations, ethical standards, and standards of care may be considered by you in determining whether the defendant acted with criminal intent, that is, whether the defendant acted knowingly, willfully and with the intent to defraud a health care benefit program.

**STANDARD OF CARE**

You've heard the phrase "standard of care" used during the trial by several witnesses. When you go to see a doctor or nurse practioner as a patient, the doctor or nurse practioner must treat you in a manner that meets the applicable standard of care that doctors or nurse practitioners of similar training would have given to you under the same circumstances.  If a doctor or nurse practioner fails to provide you with that care, he may be found negligent in a civil lawsuit.

This case is not about whether the defendant acted negligently or whether he committed malpractice. Rather, in order for you to find the defendant guilty, you must find that the government has proved to you beyond a reasonable doubt that the defendant's action was not for a legitimate medical purpose in the usual course of professional practice.

## DEFINITION OF THE CRIME

**Count 1: Conspiracy to Unlawfully Distribute and Dispense Controlled Substances**

Count 1 of the indictment charges Jeffrey Campbell, Mark Dyer, and Physicians Primary Care, PLLC, with conspiring to dispense or distribute controlled substances in violation of federal law on or about and between January 1, 2009 and December 1, 2016.

A conspiracy is a kind of criminal partnership. For you to find the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crime of unlawful distribution of controlled substances.

Second, that the defendants knowingly and voluntarily joined the conspiracy.

A defendant ordinarily commits the crime of unlawfully distributing or dispensing controlled substances when he knowingly, intentionally, and unlawfully distributes or dispenses controlled substances, and he knows the substances are controlled substances. A defendant being a physician or nurse practitioner, of course, is authorized by law, with certain limitations, to write prescriptions for the controlled substances mentioned in the evidence. However, this right to prescribe is not absolute. A physician or nurse practitioner must not distribute and dispense the controlled substances without a legitimate medical purpose or outside the usual course of medical practice.

Now I will give you more detailed instructions on some of these terms.

30

(A) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of illegal distribution of controlled substances.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of illegal distribution of controlled substances. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

4) One more point about the agreement. The indictment accuses the defendants of conspiring to commit several drug crimes. The government does not have to prove that the defendants agreed to commit all these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(B) With regard to the second element—the defendant's connection to the conspiracy—

31

the government must prove that the defendants knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) The government must only prove that the defendants knew that the drug was a controlled substance.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

32

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

(C)    You are instructed that the following substances are controlled substances within the meaning of Title 21, United States Code, Section 841(a)(1) and are further instructed that:

As a matter of law, the following are Schedule II controlled substances:  Hydrocodone[1] (Lortab,      Vicodin,      Norco,      Hydrocodone-Acetaminophen,      Hydrocodone-Ibuprofen), Lisdexamfetamine (Vyvanse),    Methadone (Methadose), Oxycodone (Percocet, Oxycodone-Acetaminophen), and Oxymorphone (Opana).

As a matter of law, the following are Schedule III controlled substances: Hydrocodone[2] (Lortab, Vicodin, Norco, Hydrocodone-Acetaminophen, Hydrocodone-Ibuprofen).

As a matter of law, the following are Schedule IV controlled substances: Alprazolam (Xanax), Carisoprodol (Soma), Clonazepam (Klonopin), Diazepam (Valium), Temazepam (Restoril), Zolpidem (Ambien and Ambien CR).

---

[1] The Administrator of the Drug Enforcement Administration rescheduled hydrocodone combination products from Schedule III to Schedule II on August 22, 2014.  Effective October 6, 2014, hydrocodone combination products are included in Schedule II. Single-entity hydrocodone products have always been classified as Schedule II.

[2] For all dates prior to October 6, 2014, hydrocodone combination products are included in Schedule III.

33

**Counts 2-5: Unlawful Distribution and Dispensing of Controlled Substances**

Counts 2-5 of the indictment charges that on or about the dates alleged therein, Jeffrey

Campbell and Mark Dyer knowingly and intentionally distributed and dispensed, and caused to

be distributed and dispensed Oxycodone and Methadone, Schedule II controlled substances, to

the patients listed below in violation of 21 U.S.C. § 841:

| COUNT | DATES | DRUG(S) | PATIENTS |
|---|---|---|---|
| 2 | December 6, 2012 through April 19, 2014 | Methadone | Brandon McDonald |
| 3 | November 14, 2013 through April 22, 2014 | Oxycodone Methadone | Constance McFarland |
| 4 | July 23, 2013 through April 15, 2014 | Oxycodone | Brenda Singleton |
| 5 | July 31, 2013 through April 18, 2014 | Methadone | Michelle Smith |

For you to find a defendant guilty of this crime, you must find that the government has

proved each and every one of the following elements beyond a reasonable doubt:

(A) The defendant distributed and dispensed a controlled substance as alleged in

Counts 2-5 of the indictment;

(B) That the particular prescription was issued outside the course of professional

practice and for no legitimate medical purpose.

(C) That the defendant acted knowingly and intentionally, and not in good faith.

Now I will give you more detailed instructions about unanimity on specific acts alleged in

Counts 2-5. Jeffrey Campbell and Mark Dyer are charged in Counts 2-5 with unlawfully

distributing and dispensing controlled substances between the relevant timeframes and to the

specific patients listed for each count.  The government is not required to prove that every

prescription distributed and dispensed by the defendants was unlawful.  However, the government

is required to prove that at least one of the controlled substances distributed and dispensed by the

defendants to the specified patients during the relevant timeframes was unlawfully distributed. You cannot find that the government has proven this unless you agree unanimously on which particular prescription was unlawfully distributed and dispensed.

For example, in Count 2, if some of you were to find that the government has proved beyond a reasonable doubt that Mark Dyer unlawfully distributed and dispensed Methadone to Brandon McDonald on February 28, 2013,  and the rest of you were to find that the government has proved beyond a reasonable doubt that Mark Dyer unlawfully distributed and dispensed Methadone to Brandon McDonald on December 6, 2012, then there would be no unanimous agreement on which distribution of Methadone was unlawful.

Likewise and as to Count 2, if some of you were to find that the government has proved beyond a reasonable doubt that Dr. Campbell unlawfully distributed and dispensed Methadone to Mr. McDonald on September 13, 2013,  and the rest of you were to find that the government has proved beyond a reasonable doubt that Dr. Campbell unlawfully distributed and dispensed Methadone to him on August 19, 2013, then there would be no unanimous agreement on which distribution of Methadone was unlawful.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

35

### Count 6: Conspiracy to Unlawfully Distribute and Dispense
### a Controlled Substance Resulting in Death

Count 6 of the indictment charges Jeffrey Campbell and Mark Dyer with conspiracy to distribute Oxycodone causing death or serious physical injury on or about October 14, 2013. Oxycodone is a controlled substance.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, two or more persons conspired, or agreed, to distribute a controlled substance outside the course of professional practice and for no legitimate medical purpose;

Second, the defendant knowingly and voluntarily joined the conspiracy;

Third, Christy Martin would not have sustained serious bodily injury or died but-for the use of that same Oxycodone.

Fourth, the defendant was part of the of the distribution chain that placed the Oxycodone into the hands of Christy Martin.

Now I will give you more detailed instructions on some of these terms.

(A) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of unlawful distribution of controlled substances.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked

about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of illegal distribution of controlled substances. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second element—the defendant's connection to the conspiracy— the government must prove that the defendants knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a

37

major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) The government must only prove that the defendants knew that the drug was a controlled substance.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a  defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstance which lead to a conclusion that he knew the conspiracy's main purpose. But it up to the government to convince you that such facts and circumstances existed in this particular case.

(C) With regard to the third element – What the government must prove, beyond a reasonable doubt, is that the Oxycodone distributed and dispensed by the defendant resulted in the death or serious physical injury of Christy Martin.  To establish that a death or serious physical injury resulted from the defendant's conduct, the government need not prove that the death or serious physical injury was foreseeable to the defendant, but the government  must prove beyond a reasonable doubt that the death or serious physical injury would not have occurred had

the Oxycodone the defendant prescribed not been ingested by Christy Martin.  In other words, the government does not have the burden of establishing that the defendant intended that death or serious physical injury resulted from the distribution or ingestion of the Oxycodone. Nor does the government have the burden of establishing that the defendant knew, or should have known, that death or serious physical injury would result from the distribution or ingestion of the Oxycodone.

The government is required to prove that Oxycodone was the but-for cause of Christy Martin's death or serious physical injury.  But-for causation means that without using the controlled substance, Christy Martin would not have died.  But-for causation can exist where the use of the controlled substance combines with other factors to produce death so long as death would not have occurred without the incremental effect of the Oxycodone.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Count 7: Unlawful Distribution of a Controlled Substance Resulting in Death**

Jeffrey Campbell is charged in Count 7 with the crime of distributing Oxycodone resulting in death on or about October 14, 2013.  Oxycodone is a controlled substance.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) Jeffrey Campbell distributed and dispensed a prescription for Oxycodone to Christy Martin.

(B) The particular prescription was issued outside the course of professional practice and for no legitimate medical purpose.

(C)  That Jeffrey Campbell acted knowingly and intentionally, and not in good faith.

(D) That Christy Martin would not have sustained serious bodily injury and died but-for the use of that same Oxycodone distributed by Jeffrey Campbell.

With regard to the fourth element – What the government must prove, beyond a reasonable doubt, is that the Oxycodone distributed and dispensed by the defendant resulted in the death or serious physical injury of Christy Martin.  To establish that a death or serious physical injury resulted from the defendant's conduct, the government need not prove that the death or serious physical injury was foreseeable to the defendant, but the government  must prove   beyond    a reasonable  doubt  that  the  death  or  serious physical injury  would  not  have  occurred had the Oxycodone the defendant prescribed not been ingested by Christy Martin.  In other words, the government does not have the burden of establishing that the defendant intended that death or serious physical injury resulted from the distribution or ingestion of the Oxycodone. Nor does the

government have the burden of establishing that the defendant knew, or should have known, that death or serious physical injury would result from the distribution or ingestion of the Oxycodone.

The government is required to prove that Oxycodone was the but-for cause of Christy Martin's death or serious physical injury.  But-for causation means that without using the controlled substance, Christy Martin would not have died.  But-for causation can exist where the use of the controlled substance combines with other factors to produce death so long as death would not have occurred without the incremental effect of the Oxycodone.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Counts 8 and 9: Unlawful Distribution of a Controlled Substance**

Counts 8-9 of the indictment charge that on or about the dates alleged therein, Mark Dyer

knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed

Hydrocodone, a Schedule III controlled substance, to the patients listed below in violation of 21

U.S.C. § 841:

| COUNT | DATES | DRUG | PATIENTS |
|---|---|---|---|
| 8 | July 31, 2013 through April 18, 2014 | Hydrocodone | Michelle Smith |
| 9 | December 6, 2012 through April 19, 2014 | Hydrocodone | Brandon McDonald |

For you to find Mark Dyer guilty of this crime, you must find that the government has

proved each and every one of the following elements beyond a reasonable doubt:

> (A) The defendant distributed and dispensed a controlled substance as alleged in

> Counts 8-9 of the indictment;

> (B) That the particular prescription was issued outside the course of professional

> practice and for no legitimate medical purpose.

> (C) That the defendant acted knowingly and intentionally, and not in good faith.

Now I will give you more detailed instructions about unanimity on specific acts alleged in

Counts 8-9. Mark Dyer is charged in Counts 8-9 with unlawfully distributing and dispensing

controlled substances between the relevant timeframes and to the specific patients listed for each

count.   The government is not required to prove that every prescription distributed and dispensed

by Mark Dyer was unlawful.  However, the government is required to prove that at least one of

the controlled substances distributed and dispensed by Mark Dyer to the specified patients during

the relevant timeframes was unlawfully distributed.  You cannot find that the government has

proven this unless you agree unanimously on which particular prescription was unlawfully

42

distributed and dispensed.

For example, in Count 8, if some of you were to find that the government has proved beyond a reasonable doubt that Mark Dyer unlawfully distributed and dispensed Hydrocodone to Michelle Smith on August 26, 2013,  and the rest of you were to find that the government has proved beyond a reasonable doubt that Mark Dyer unlawfully distributed and dispensed Methadone to Michelle Smith on September 26, 2013, then there would be no unanimous agreement on which distribution of Hydrocodone was unlawful.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find Mark Dyer not guilty of this charge.

**Definitions for Counts 1-9—Unlawful Distribution of a Controlled Substance**

(1) Now I will give you more detailed instructions on some of the terms used in Counts 1-9.

> (A) The term "distribute" means a defendant delivered or transferred a controlled substance, other than by administering or dispensing that substance, and includes issuing a prescription.

> (B) The term "dispense" means to deliver a controlled substance to an ultimate user by a practitioner or pursuant to the lawful order of a practitioner. Dispensing includes filling a prescription issued by a practitioner.

> (C) To prove that a defendant "knowingly" distributed a controlled substance, a defendant did not have to know what the controlled substance was. It is enough that a defendant knew that it was some kind of controlled substance. Further, a defendant did not have to know how much of the controlled substance he distributed. It is enough that a defendant knew he distributed some quantity of a controlled substance.

> (D) The term "practitioner" means a physician, nurse practitioner, or other person licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices to distribute and dispense a controlled substance in the usual course of professional practice.

> (E) The term "usual course of professional practice" means that the practioner has acted in accordance with a standard of medical practice generally recognized and accepted in the United States. A physician's or nurse practitioner's own individual

44

treatment methods do not, by themselves, establish what constitutes a "usual course of professional practice." In making medical judgments concerning the appropriate treatment for an individual, however, physicians have discretion to choose among a wide range of available options.

(F) The term "good faith" means good intentions and an honest exercise of professional judgment as to a patient's medical needs. It means that the defendant acted in accordance with what he reasonably believed to be proper medical practice. In considering whether the defendant acted with a legitimate medical purpose in the course of usual professional practice, you should consider all of the defendant's actions and the circumstances surrounding them. The defendant does not have to prove to you that he acted in good faith; rather, the burden of proof is on the government to prove to you beyond a reasonable doubt that the defendant acted without a legitimate medical purpose outside the course of usual professional practice. If a physician or nurse practitioner dispenses a drug in good faith in the course of medically treating a patient, then the doctor or nurse practitioner dispensed the drug for a legitimate medical purpose in the usual course of accepted medical practice. That is, he has dispensed the drug lawfully.

**Aiding and Abetting—Unlawful Distribution of Controlled Substances**

(1) For you to find the defendants guilty of unlawful distribution of a controlled substance, it is not necessary for you to find that the defendant committed the crime. You may also find the defendant guilty if the defendant intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of unlawful distribution of a controlled substance as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of unlawful distribution was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of unlawful distribution as an aider and abettor.

46

### Count 10: Conspiracy to Commit Health Care Fraud

Count 10 of the indictment charges the defendants Jeffrey Campbell, Mark Dyer, and Physicians Primary Care, PLLC with conspiracy to commit health care fraud on or about and between January 1, 2009 and December 1, 2016.  It is a crime for two or more persons to conspire, or agree, to commit a crime of health care fraud, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> First, that two or more persons conspired, or agreed, to commit the crime of health care fraud, as that offense is defined later in these instructions.

> Second, that the defendants knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

> (A) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of health care fraud.

>> (1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in

deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of health care fraud. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead  to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second element—the defendant's connection to the conspiracy—the government must prove that the defendant(s) knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major  role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

49

### Counts 11-19: Health Care Fraud

(1) Counts 11, 12, 13, 14, 15, 16, 17, 18, and 19 of the indictment charge Jeffrey Campbell with health care fraud.  Specifically, the indictment charges that Jeffrey Campbell falsely and fraudulently billed various health care benefit programs by coding physical therapy, counseling, and exercise (Med Fit Program) services using evaluation and management codes in order to obtain a higher reimbursement rate for the following patients:

| Count | Dates | Patient | Service Performed | E&M Code |
|-------|-------|---------|-------------------|----------|
| 11 | August 26, 2013 | Robert Carter | Physical therapy | 99214 |
| 12 | April 10, 2014 | Heather Haydon | Med Fit (exercise) | 99214 |
| 13 | August 12, 2013 | Eugenia Logsdon | Counseling | 99214 |
| 14 | February 14, 2014 | Brandon McDonald | Physical therapy | 99214 |
| 15 | February 19, 2013 | Daphney Pollard | Counseling | 99214 |
| 16 | April 7, 2014 | Brenda Singleton | Med Fit (exercise) | 99214 |
| 17 | July 31, 2013 | Michelle Smith | Counseling | 99214 |
| 18 | April 15, 2013 | Terra Baker | Med Fit (exercise) | 99214 |
| 19 | August 1, 2013 | Kristy Brown | Counseling | 99214 |

For you to find Jeffrey Campbell guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that Jeffrey Campbell knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of payment for health care benefits, items, or services.

(B) Second, that the scheme  included a material misrepresentation or concealment of a material fact.

(C) Third, Jeffrey Campbell had the intent to defraud.

### Count 22:  Health Care Fraud

(1) Count 22 of the indictment charges Jeffrey Campbell and Mark Dyer with health care fraud.  Specifically, the indictment charges that on or about and between April 1, 2013 and March 31, 2014 Jeffrey Campbell and Mark Dyer falsely and fraudulently billed various health care benefit programs for physical therapy services using evaluation and management codes as if a physician performed a service on the patients, but in reality, a non-physician and non-physical therapist performed the services on the patients.  For you to find the defendants guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of payment for health care benefits, items, or services.

(B) Second, that the scheme included a material misrepresentation or concealment of a material fact.

(C) Third, that the defendant had the intent to defraud.

**Count 23:  Health Care Fraud**

(1) Count 23 of the indictment charges Jeffrey Campbell and Physicians Primary Care, PLLC with health care fraud.  Specifically, the indictment charges that on or about and between August 6, 2013 and June 1, 2014 Jeffrey Campbell and Physicians Primary Care, PLLC caused Proove Biosciences, Inc., a genetic lab company, to falsely and fraudulently bill various health care benefits programs for genetic tests administered to Physicians Primary Care patients that were not medically necessary and never interpreted.  For you to find the defendants guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program in connection with the delivery of payment for health care benefits, items, or services.
>
> (B) Second, that the scheme  included a material misrepresentation or concealment of a material fact.
>
> (C) Third, that the defendant had the intent to defraud.

52

### Definitions for Counts 10-19, 22, and 23—Health Care Fraud

(1) Now I will give you more detailed instructions on some of the terms used in the instructions for Counts 10-19, 22, and 23.

> (A) A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.  A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

> (B) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

> (C) The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

> (D) An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(E) A misrepresentation is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(F) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

(2) The government need not prove that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute or that the health care benefit program suffered any financial loss or that the defendant engaged in interstate commerce or that the acts of the defendant affected interstate commerce.

(3) If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge.  If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

### Good Faith Defense—Health Care Fraud

(A)    The good faith of a defendant is a complete defense to the charge of health care fraud contained in Counts 10-19, 22, and 23 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(B)    A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(C)    A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(D)    While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(E)    The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(F)    If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with an intent to defraud or in good faith, you must find the defendant not guilty.

## Aiding and Abetting—Health Care Fraud

(1) For you to find the defendants guilty of health care fraud, it is not necessary for you to find that the defendant committed the crime.  You may also find the defendant guilty if the defendant intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of health care fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the crime of health care fraud was committed.

> (B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

> (C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so  by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of health care fraud as an aider and abettor.

## Count 24:  Conspiracy to Commit Money Laundering

(1)     Count 24 of the indictment charges Jeffrey Campbell and Mark Dyer with conspiracy to commit money laundering on or about and between June 1, 2012 and December 31, 2015.  It is a crime for two or more persons to conspire, or agree, to commit a crime of money laundering, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> First, that two or more persons conspired, or agreed, as set forth in the Indictment, to commit the crime of money laundering, as that offense is defined later in these instructions; and

> Second, that the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

(A)     With regard to the first element— a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of money laundering.

> (1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B)   With regard to the second element—the defendant's connection to the conspiracy—the government must prove that the defendant knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that

happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(5) Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

**Elements of Money Laundering**

Count 24 of the indictment charges Jeffrey Campbell and Mark Dyer with conspiracy to commit money laundering.   For a defendant to commit the crime of conspiracy to commit money laundering as set forth in the indictment, you must find that the government has proved beyond a reasonable doubt that two or more persons conspired, or agreed, to commit the crime of money laundering, as that offense is defined and set forth below:

1. First, that the defendant conducted a financial transaction;

2. Second that the financial transaction involved property that represented the proceeds of the conspiracy to commit healthcare fraud as alleged in Count 10 of the indictment;

3. Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of the health care fraud in Count 10;

4. Fourth, that the defendant had the intent to promote the carrying on of the conspiracy to commit healthcare fraud as alleged in Count 10 of the indictment.

Now, I will give you more detailed instructions on some of these terms.

1. The term "financial transaction" means:

   a. a transaction which in any way or degree affects interstate or foreign commerce and involves:

      i.   the movement of funds by wire or other means, or

      ii.  one or more monetary instruments, or

      iii. the transfer of title to any real property, vehicle, vessel, or aircraft, or

   b. a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

60

2. The term "financial institution" means a commercial bank, a commercial trust company, and a bank insured by the FDIC.

3. The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

4. The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through the healthcare fraud charged in Count 10, including the gross receipts of such activity.

5. The phrase "knew that the property involved in a financial transaction represents the proceeds from the healthcare fraud charged in Count 10" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes the healthcare fraud charged in Count 10. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of the healthcare fraud charged in Count 10.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendants not guilty of this charge.

## DELIBERATIONS AND VERDICT

## INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
## COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

63

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience for each count.

You will take the verdict forms to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and notify the Courtroom Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                    Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                        Defendants
PHYSICIANS PRIMARY CARE, PLLC

\* \* \* \* \*

## **VERDICT FORM**

### **Count 1 – Jeffrey Campbell**

Question 1.  With respect to the charge in Count 1 of the indictment of conspiracy to unlawfully distribute and dispense a controlled substance, we find the defendant, Jeffrey Campbell:

GUILTY_____                    NOT GUILTY_____


_____          _____
Foreperson                                            Juror No.


Date: _____


If you find Jeffrey Campbell not guilty, do not consider questions 1(a), 1(b), and (1c) for Count 1 below, and move on to the next count.


If you find Jeffrey Campbell guilty as charged, then please address questions 1(a), 1(b), and 1(c) with respect to defendant Jeffrey Campbell.

69

Question 1(a).   We, the Jury, having found defendant Jeffrey Campbell guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that he conspired to distribute and dispense the following controlled substances

_____ Schedule II

_____      _____
Foreperson                                               Juror No.


Date: _____


Question 1(b).   We, the Jury, having found defendant Jeffrey Campbell guilty of the conspiracy to distribute and dispense controlled substances, further unanimously find that he conspired to unlawfully distribute and dispense the following controlled substances

_____ Schedule III

_____      _____
Foreperson                                               Juror No.


Date: _____

Question 1(c).  We, the Jury, having found defendant Jeffrey Campbell guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that he conspired to distribute and dispense the following controlled substances

_____ Schedule IV

_____          _____
Foreperson                                                  Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                            Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 1 – Mark Dyer**

Question 1.  With respect to the charge in Count 1 of the indictment of conspiracy to

unlawfully distribute and dispense a controlled substance, we find the defendant, Mark Dyer,

GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                              Juror No.


Date: _____


If you find Mark Dyer not guilty, do not consider questions 1(a), 1(b), and (1c) for Count

1 below, and move on to the next count.


If you find Mark Dyer guilty as charged, then please address questions 1(a), 1(b), and

1(c) with respect to defendant, Mark Dyer.

72

Question 1(a).  We, the Jury, having found defendant Mark Dyer guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that he conspired to distribute and dispense the following controlled substances

_____ Schedule II

_____          _____
Foreperson                                            Juror No.


Date: _____


Question 1(b).  We, the Jury, having found defendant Mark Dyer guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that he conspired to distribute and dispense the following controlled substances

_____ Schedule III

_____          _____
Foreperson                                            Juror No.


Date: _____


Question 1(c).  We, the Jury, having found defendant Mark Dyer guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that he conspired to distribute and dispense the following controlled substances

_____ Schedule IV

_____          _____
Foreperson                                            Juror No.


Date: _____

73

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                        Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                               Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **<u>VERDICT FORM</u>**

### **Count 1 – Physicians Primary Care**

Question 1.  With respect to the charge in Count 1 of the indictment of conspiracy to unlawful distribute and dispense a controlled substance, we find the defendant, Physicians Primary Care, PLLC,

GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                         Juror No.


Date: _____



If you find Physicians Primary Care, PLLC not guilty, do not consider questions 1(a), 1(b), and 1(c) for Count 1 below, and move on to the next count.

If you find Physicians Primary Care, PLLC guilty as charged, then please address questions 1(a), 1(b), and (1)(c) with respect to defendant, Physicians Primary Care, PLLC.

74

Question 1(a).  We, the Jury, having found defendant Physicians Primary Care, PLLC guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that it conspired to distribute and dispense the following controlled substances

_____ Schedule II

_____          _____
Foreperson                                                           Juror No.


Date: _____


Question 1(b).  We, the Jury, having found defendant Physicians Primary Care, PLLC guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that it conspired to distribute and dispense the following controlled substances

_____ Schedule III

_____          _____
Foreperson                                                           Juror No.


Date: _____


Question 1(c).  We, the Jury, having found defendant Physicians Primary Care, PLLC guilty of the conspiracy to unlawfully distribute and dispense controlled substances, further unanimously find that it conspired to distribute and dispense the following controlled substances

_____ Schedule IV

_____          _____
Foreperson                                                           Juror No.


Date: _____

75

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                            Plaintiff

v.                                               Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                      Defendants
PHYSICIANS PRIMARY CARE, PLLC

## VERDICT FORM

### Count 2 – Jeffrey Campbell

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

Question 1(a).  With respect to Count 2, the following prescription of Methadone to patient Brandon McDonald was attributable to Jeffrey Campbell, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

____ 7/19/2013 prescription for Methadone Hydrochloride

____ 8/19/2013 prescription for Methadone Hydrochloride

____ 9/13/2013 prescription for Methadone Hydrochloride

____ 10/10/2013 prescription for Methadone Hydrochloride

____ 11/8/2013 prescription for Methadone Hydrochloride

76

___ 1/3/2014 prescription for Methadone Hydrochloride

___ 2/3/2014 prescription for Methadone Hydrochloride

___ 3/4/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).   With respect to the charge in Count 2 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Jeffrey Campbell:

GUILTY_____          NOT GUILTY_____


_____     _____

Foreperson                                  Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                               Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 2 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 2, the following prescription of Methadone to patient Brandon McDonald was attributable to Mark Dyer, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 12/6/2012 prescription for Methadone Hydrochloride

_____ 1/3/2013 prescription for Methadone Hydrochloride

_____ 2/28/2013 prescription for Methadone Hydrochloride

_____ 4/26/2013 prescription for Methadone Hydrochloride

_____ 5/24/2013 prescription for Methadone Hydrochloride

___ 4/11/2014 prescription for Methadone Hydrochloride

___ 4/19/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 2 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:


GUILTY_____          NOT GUILTY_____




_____          _____
Foreperson                                                        Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                      Defendants
PHYSICIANS PRIMARY CARE, PLLC

## **VERDICT FORM**

### **Count 3 – Jeffrey Campbell**

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

Question 1(a). With respect to Count 3, the following prescription of Methadone and/or Oxycodone to patient Constance McFarland was attributable to Jeffrey Campbell, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 1/29/2014 prescription for Oxycodone/Acetaminophen

_____ 1/29/2014 prescription for Methadone Hydrochloride

_____ 2/24/2014 prescription for Oxycodone/Acetaminophen

_____ 2/24/2014 prescription for Methadone Hydrochloride

_____ 3/25/2014 prescription for Oxycodone/Acetaminophen

80

___ 3/25/2014 prescription for Methadone Hydrochloride

___ 4/29/2014 prescription for Oxycodone/Acetaminophen

___ 4/29/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 3 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Jeffrey Campbell:


Guilty _____   Not Guilty _____


_____        _____
Foreperson                     Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                         Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                              Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## VERDICT FORM

### Count 3 – Mark Dyer

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 3, the following prescription of Methadone and/or Oxycodone to patient Constance McFarland was attributable to Mark Dyer, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 12/31/2013 prescription for Oxycodone/Acetaminophen

_____ 12/31/2013 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

82

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 3 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:

Guilty _____        Not Guilty _____

_____        _____
Foreperson        Juror No.

Date: _____

83

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                             Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                  Defendants
PHYSICIANS PRIMARY CARE, PLLC

## **VERDICT FORM**

### **Count 4 – Jeffrey Campbell**

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

Question 1(a). With respect to Count 4, the following prescription of Oxycodone to patient Brenda Singleton was attributable to Jeffrey Campbell, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 8/14/2013 prescription for Methadone Hydrochloride

_____ 9/13/2013 prescription for Methadone Hydrochloride

_____ 11/14/2013 prescription for Methadone Hydrochloride

_____ 12/13/2013 prescription for Methadone Hydrochloride

_____ 1/13/2014 prescription for Methadone Hydrochloride

___ 2/13/2014 prescription for Methadone Hydrochloride

___ 3/13/2014 prescription for Methadone Hydrochloride

___ 4/11/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 4 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Jeffrey Campbell:

Guilty _____   Not Guilty _____

_____                    _____
Foreperson                                  Juror No.

Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                      Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                 Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## VERDICT FORM

### Count 4 – Mark Dyer

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 4, the following prescription of Oxycodone to patient Brenda Singleton was attributable to Mark Dyer, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

____ 1/13/2014 prescription for Methadone Hydrochloride

____ 4/11/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

86

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 4 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:

Guilty _____   Not Guilty _____

_____     _____

Foreperson                                    Juror No.

Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                            Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                     Defendants
PHYSICIANS PRIMARY CARE, PLLC

## **VERDICT FORM**

### **Count 5 – Jeffrey Campbell**

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

Question 1(a). With respect to Count 5, the following prescription of Methadone to patient Michelle Smith was attributable to Jeffrey Campbell, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 9/26/2013 prescription for Methadone Hydrochloride

_____ 10/23/2013 prescription for Methadone Hydrochloride

_____ 11/21/2013 prescription for Methadone Hydrochloride

_____ 12/23/2013 prescription for Methadone Hydrochloride

_____ 1/20/2014 prescription for Methadone Hydrochloride

88

___ 3/14/2014 prescription for Methadone Hydrochloride

___ 4/17/2014 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 5 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Jeffrey Campbell:

Guilty _____        Not Guilty _____

_____                      _____
Foreperson                                Juror No.

Date: _____

89

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                              Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 5 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 5, the following prescription of Methadone to patient Michelle Smith was attributable to Mark Dyer, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 7/30/2013 prescription for Methadone Hydrochloride

_____ 8/26/2013 prescription for Methadone Hydrochloride

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

90

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 5 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:

Guilty _____    Not Guilty _____

_____        _____
Foreperson                                              Juror No.

Date: _____

91

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                      Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                 Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## VERDICT FORM

### Count 6 – Jeffrey Campbell

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

As to Count 6, Conspiracy to Unlawfully Distribute and Dispense Controlled Substances

Resulting in Death:

GUILTY_____               NOT GUILTY_____


_____     _____
Foreperson                          Juror No.

Date: _____

92

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                              Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                   Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 6 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:


As to Count 6, Conspiracy to Unlawfully Distribute and Dispense Controlled Substances

Resulting in Death:

      GUILTY_____            NOT GUILTY_____


_____          _____
Foreperson                              Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                            Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                    Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## VERDICT FORM

### Count 7 – Jeffrey Campbell

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

As to Count 7, Unlawful Distribution and Dispensing of Controlled Substances Resulting

in Death:

GUILTY_____              NOT GUILTY_____


_____        _____

Foreperson                       Juror No.


Date: _____

94

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                         Plaintiff

v.                                            Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                   Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

**<u>VERDICT FORM</u>**

**Count 8 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 8, the following prescription of Hydrocodone to

patient Michelle Smith was attributable to Mark Dyer, aided and abetted by others, and

was without a legitimate medical purpose and outside of the usual course of professional

medical practice in the following prescriptions (check prescription(s) unanimously found

to have been made outside of the usual course of professional medical practice and without

a legitimate medical purpose):

    ___ 8/26/2013 prescription for Hydrocodone

    ___ 9/26/2013 prescription for Hydrocodone

    ___ 10/23/2013 prescription for Hydrocodone

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 8 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:

GUILTY_____          NOT GUILTY_____


_____     _____
Foreperson                          Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                       Plaintiff

v.                                              Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                  Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

**VERDICT FORM**

**Count 9 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:

Question 1(a). With respect to Count 9, the following prescription of Hydrocodone to patient Brandon McDonald was attributable to Mark Dyer, aided and abetted by others, and was without a legitimate medical purpose and outside of the usual course of professional medical practice in the following prescriptions (check prescription(s) unanimously found to have been made outside of the usual course of professional medical practice and without a legitimate medical purpose):

_____ 8/19/2013 prescription for Hydrocodone

_____ 1/3/2014 prescription for Hydrocodone

_____ 2/3/2014 prescription for Hydrocodone

If you unanimously found any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant guilty in Question 1(b).

If you did not unanimously find any of the above prescriptions to be made outside of the usual course of professional medical practice and without a legitimate medical purpose, you must find the defendant not guilty in Question 1(b).

Question 1(b).  With respect to the charge in Count 9 of the indictment for unlawful distribution and dispensing of controlled substances, we find the defendant Mark Dyer:

GUILTY_____          NOT GUILTY_____


_____    _____
Foreperson                    Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 10 – Jeffrey Campbell**

Question 1.  With respect to the charge of Count 10 of the indictment of conspiracy to commit health care fraud, we find the defendant Jeffrey Campbell:

GUILTY_____            NOT GUILTY_____


_____     _____
Foreperson                              Juror No.


Date: _____


If you find Jeffrey Campbell not guilty, do not consider question 1(a) for Count 10 below, and move on to the next count.


If you find Jeffrey Campbell guilty as charged, then please address question 1(a) with respect to Jeffrey Campbell.


99

Question 1(a).  We, the Jury, having found defendant Jeffrey Campbell guilty of the conspiracy to commit health care fraud, further unanimously find that he conspired to do one or both of the following:

_____falsely and fraudulently bill various health care benefit programs by coding physical therapy, counseling and exercise (Med Fit Program) services using evaluation and management codes in order to obtain higher reimbursement.

_____falsely and fraudulently bill various health care benefit programs for medically unnecessary tests such as nerve conduction studies, MRIs, CT scans, x-rays, urinary drug screens, or ANSAR tests.

_____          _____
Foreperson                                                      Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                              Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 10 – Mark Dyer**

Question 1.  With respect to the charge of Count 10 of the indictment of conspiracy to commit health care fraud, we find the defendant Mark Dyer:

GUILTY_____          NOT GUILTY_____


_____      _____
Foreperson                              Juror No.


Date: _____


If you find Mark Dyer not guilty, do not consider question 1(a) for Count 10 below, and move on to the next count.


If you find Mark Dyer guilty as charged, then please address question 1(a) with respect to Mark Dyer.

Question 1(a).  We, the Jury, having found defendant Mark Dyer guilty of the conspiracy to commit health care fraud, further unanimously find that he conspired to do one or both of the following:

_____falsely and fraudulently bill various health care benefit programs by coding physical therapy, counseling and exercise (Med Fit Program) services using evaluation and management codes in order to obtain higher reimbursement.

_____falsely and fraudulently bill various health care benefit programs for medically unnecessary tests such as nerve conduction studies, MRIs, CT scans, x-rays, urinary drug screens, or ANSAR tests.


_____          _____
Foreperson                                                       Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                               Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 10 – Physicians Primary Care**

Question 1.  With respect to the charge of Count 10 of the indictment of conspiracy to

commit health care fraud, we find the defendant Physicians Primary Care, PLLC:

GUILTY_____                    NOT GUILTY_____

_____        _____
Foreperson                                      Juror No.


Date: _____


If you find Physicians Primary Care, PLLC not guilty, do not consider question 1(a) for

Count 10 below, and move on to the next count.

If you find Physicians Primary Care, PLLC guilty as charged, then please address

question 1(a) with respect to Physicians Primary Care, PLLC.

Question 1(a).  We, the Jury, having found defendant Physicians Primary Care, PLLC guilty of the conspiracy to commit health care fraud, further unanimously find that he conspired to do one or both of the following:

_____falsely and fraudulently bill various health care benefit programs by coding physical therapy, counseling and exercise (Med Fit Program) services using evaluation and management codes in order to obtain higher reimbursement.

_____falsely and fraudulently bill various health care benefit programs for medically unnecessary tests such as nerve conduction studies, MRIs, CT scans, x-rays, urinary drug screens, or ANSAR tests.


_____          _____
Foreperson                                                    Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                        Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                  Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Counts 11-19 and Count 22 – Jeffrey Campbell**

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:

As to Count 11, Health Care Fraud—Fraudulent Coding:

GUILTY_____          NOT GUILTY_____

_____          _____
Foreperson                                    Juror No.

Date: _____

As to Count 12, Health Care Fraud—Fraudulent Coding:

GUILTY_____          NOT GUILTY_____

_____          _____
Foreperson                                    Juror No.

Date: _____

105

As to Count 13, Health Care Fraud—Fraudulent Coding:

GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                                    Juror No.


Date: _____


As to Count 14, Health Care Fraud—Fraudulent Coding:

GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                                    Juror No.


Date: _____


As to Count 15, Health Care Fraud—Fraudulent Coding:

GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                                    Juror No.


Date: _____

As to Count 16, Health Care Fraud—Fraudulent Coding:

       GUILTY_____          NOT GUILTY_____

_____   _____
Foreperson                    Juror No.

Date: _____

As to Count 17, Health Care Fraud—Fraudulent Coding:

       GUILTY_____          NOT GUILTY_____

_____   _____
Foreperson                    Juror No.

Date: _____

As to Count 18, Health Care Fraud—Fraudulent Coding:

       GUILTY_____          NOT GUILTY_____

_____   _____
Foreperson                    Juror No.

Date: _____

As to Count 19, Health Care Fraud—Fraudulent Coding:

GUILTY_____                    NOT GUILTY_____

_____        _____
Foreperson                               Juror No.

Date: _____

As to Count 22, Health Care Fraud—Physical Therapy:

GUILTY_____                    NOT GUILTY_____

_____        _____
Foreperson                               Juror No.

Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                           Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                    Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 22 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:


As to Count 22, Health Care Fraud—Physical Therapy:

      GUILTY_____          NOT GUILTY_____



_____          _____

Foreperson                                   Juror No.

Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    Plaintiff

v.                                                      Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                                         Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 23 – Jeffrey Campbell**

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:


As to Count 23 Health Care Fraud—Proove Biosciences:

      GUILTY_____          NOT GUILTY_____


_____          _____
Foreperson                                    Juror No.

Date: _____

110

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                              Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 23 – Physicians Primary Care**

We, the Jury, unanimously find Physicians Primary Care, PLLC:


As to Count 23, Health Care Fraud—Proove Biosciences:

    GUILTY_____          NOT GUILTY_____


_____    _____
Foreperson                              Juror No.


Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                           Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                               Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## VERDICT FORM

### Count 24 – Jeffrey Campbell

We, the Jury, unanimously find the following as to defendant Jeffrey Campbell:


As to Count 24, Conspiracy to Commit Money Laundering:

      GUILTY_____                NOT GUILTY_____


_____    _____

Foreperson                                         Juror No.

Date: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:17-cr-87-RGJ

JEFFREY CAMPBELL, MARK DYER,                               Defendants
AND PHYSICIANS PRIMARY CARE,
PLLC

## **VERDICT FORM**

### **Count 24 – Mark Dyer**

We, the Jury, unanimously find the following as to defendant Mark Dyer:


As to Count 24, Conspiracy to Commit Money Laundering:

       GUILTY_____       NOT GUILTY_____


_____   _____
Foreperson                   Juror No.

Date: _____

113